## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

       *Plaintiff,*

v.

U.S. DEPARTMENT OF EDUCATION,
400 Maryland Avenue SW
Washington, DC 20202

U.S. DEPARTMENT OF HOMELAND
SECURITY,
245 Murray Lane SW
Washington, DC 20528

CYBERSECURITY AND INFRASTRUCTURE
SECURITY AGENCY,
245 Murray Lane SW
Washington, DC 20528

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,
5900 Capital Gateway Drive
Camp Springs, MD 20588

U.S. DEPARTMENT OF TRANSPORTATION,
1200 New Jersey Avenue SE
Washington, DC 20590

U.S. GENERAL SERVICES
ADMINISTRATION,
1800 F Street NW
Washington, DC 20405

OFFICE OF MANAGEMENT AND BUDGET,
725 17th Street NW
Washington, DC 20503

Case No. 25-cv-2262

1

U.S. OFFICE OF PERSONNEL          )
MANAGEMENT,                       )
1900 E Street NW                  )
Washington, DC 20415              )
                                  )
*and*                             )
                                  )
U.S. SECURITIES AND EXCHANGE      )
COMMISSION,                       )
100 F Street NE                   )
Washington, DC 20549              )
                                  )
                    *Defendants.* )
_____  )

## COMPLAINT

1.      On January 20, 2025, President Trump issued an executive order to establish the "Department of Government Efficiency," purportedly "to implement the President's DOGE Agenda, by modernizing federal technology and software to maximize governmental efficiency and productivity."[1]

2.      The order designates "DOGE Teams" to push forward the DOGE Agenda.[2]

3.      These "DOGE Teams" are personnel deployed to or within each federal agency and vested with extraordinary and unprecedented authority to access key and often sensitive agency information, implement changes to agency contracts, oversee agency hiring and firing decisions, and more.[3]

4.      But the identity and qualifications of these powerful DOGE Team members within many agencies have remained shrouded from the public.

---

[1] *Establishing and Implementing the President's "Department of Government Efficiency,"* Exec. Order No. 14,158, 90 Fed. Reg. 8441 (Jan. 20, 2025), https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-02005.pdf.
[2] *Id.*
[3] *See id.*

5.      For those agencies where DOGE Team members have been identified, a pattern has emerged. Despite the government's claims in other litigation that DOGE Teams are agency personnel who do not report to DOGE directly, in reality, the same small set of individuals—many of whom have ties to (and appear to be answering to) DOGE leadership—have been detailed to multiple agencies to serve on their DOGE Teams.

6.      The identities of all members of each agency's DOGE Team are particularly important in light of the position DOGE has taken in other litigation that it is not an agency subject to the Freedom of Information Act.

7.      American Oversight submitted requests under the Freedom of Information Act, 5 U.S.C § 552 (FOIA), seeking to shed further light on the identities of the members of the DOGE Teams that have been deployed across the federal government to implement the President's DOGE Agenda.

8.      The public is entitled to know the identities of these agency DOGE Team members to understand who is wielding this vast power to remake the federal government, their qualifications to do so, and any potential conflicts of interest that may be influencing their unprecedented work.

*Establishment of the DOGE Teams*

9.      The newly established organization that is commonly referred to as the "Department of Government Efficiency" (DOGE) in fact involves at least three component entities,[4] although the executive order establishing DOGE does not elaborate on the precise nature or organizational structure of the entities or their relationship to one another.[5]

---

[4] This Complaint refers to USDS, USDSTO, and the agency DOGE Teams (all described below) collectively as "DOGE."
[5] *See supra* note 1.

10.    First, the executive order renamed the existing U.S. Digital Service as the "United States DOGE Service" (USDS) and moved it out of the Office of Management and Budget to be a free-standing unit within the Executive Office of the President.[6]

11.    Second, the executive order created a temporary organization called "the U.S. DOGE Service Temporary Organization" (USDSTO).[7]

12.    Third, the executive order required the creation of DOGE Teams within each federal agency. Specifically, it provided that, working in consultation with USDS, "each Agency Head shall establish within their respective Agencies a DOGE Team of at least four employees."[8]

13.    The executive order allowed that these DOGE Team members "may include Special Government Employees, hired or assigned within thirty days of the date of this Order" and required that "Agency Heads . . . select the DOGE Team members in consultation with the USDS Administrator."[9]

14.    The executive order also specified that "[e]ach DOGE Team will typically include one DOGE Team Lead, one engineer, one human resources specialist, and one attorney."[10]

*DOGE Teams' Authority and Activities*

15.    Subsequent executive orders granted significant authority to these agency DOGE Teams over major functions of the federal government, including the power to direct and prioritize the hiring of federal civil servants and oversee the execution and cancelation of contracts and payments by federal agencies.

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

16.     In an executive order issued on February 11, 2025, President Trump assigned DOGE Team Leads, in consultation with agency heads, to develop hiring plans for all career civil servants across the federal government.[11]

17.     The executive order mandated that DOGE Team Leads within agencies should be consulted in all "new career appointment hiring decisions."[12]

18.     The order provided that agencies may not "fill any vacancies for career appointments that the DOGE Team Lead assesses should not be filled, unless the Agency Head determines the positions should be filled,"[13] giving the DOGE Team Lead veto power over agency hiring that can only be overruled by, in many instances, a Cabinet-level official.

19.     In an executive order issued on February 26, 2025, President Trump tasked DOGE Team Leads with building a centralized system within each agency for the management and payment of government contracts, and to review all payments made by their assigned agency.[14]

20.     The executive order required DOGE Team Leads to work with their respective agency heads to "review all existing covered contracts and grants" made by the agency and to "terminate or modify" agency grants wherever possible.[15]

21.     The executive order further ordered agencies to freeze use of all agency-issued credit cards and to only allow expenses approved by the agency heads and DOGE Team Leads.[16]

---

[11] *Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative*, Exec. Order No. 14,210, 90 Fed. Reg. 9669 (Feb. 11, 2025), https://www.govinfo.gov/content/pkg/FR-2025-02-14/pdf/2025-02762.pdf.
[12] *Id.*
[13] *Id.*
[14] *Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative*, Exec. Order No. 14,222, 90 Fed. Reg. 11095 (Feb. 26, 2025), https://www.govinfo.gov/content/pkg/FR-2025-03-03/pdf/2025-03527.pdf.
[15] *Id.*
[16] *Id.*

22.     The executive order also mandated that DOGE Team Leads and agency heads review leases for federal property and determine which leases to terminate.[17]

23.     During its few months in existence, DOGE has exercised this extensive power to its zenith, throwing the federal government into chaos by forcibly cutting spending, canceling necessary federal contracts and building leases, gaining control over sensitive data systems, firing thousands of mission-critical civil servants, and dismantling entire Congressionally-created agencies.[18]

24.     Despite the unprecedented power DOGE has wielded, much of its work—including the identities of the DOGE Team members who have been carrying out these efforts—has been done outside of public view.[19]

25.     Indeed, multiple organizations, including American Oversight, have brought suit seeking to force DOGE to comply with its transparency obligations.[20]

26.     DOGE continues to resist each such attempt at transparency.

27.     Yet the importance of transparency into DOGE's influence has only increased since American Oversight submitted the FOIA requests at issue in this case, as DOGE's footprint is set

---

[17] *Id.*

[18] *See, e.g.*, Jeremy Herb et al., *'Just Never Been Anything Like DOGE': Inside Elon Musk's Turbulent Takeover of Government in Trump's First 100 Days*, CNN (Apr. 26, 2025, 10:30 AM), https://www.cnn.com/2025/04/26/politics/elon-musk-hostile-takeover-government-trump-100-days.

[19] *See, e.g.*, Kevin Collier, *Pressure Mounts on DOGE to Provide More Transparency into Its Inner Workings*, NBC News (Feb. 27, 2025, 5:32 PM), https://www.nbcnews.com/politics/doge/doge-elon-musk-lawsuit-order-testimony-foia-rcna194119.

[20] *See, e.g.*, First Am. Compl., *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 25-cv-409 (D.D.C. Mar. 5, 2025); Compl., *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 25-cv-1251 (D.D.C. Apr. 23, 2025); Compl., *Citizens for Resp.& Ethics in Wash. v. U.S. DOGE Service*, No. 25-cv-511 (D.D.C. Feb. 20, 2025); Am. Compl., *Ctr. For Biological Diversity v. Off. of Mgmt. & Budget*, No. 25-cv-00165 (D.D.C. Feb. 27, 2025); Am. Compl., *Project on Gov't. Oversight v. Trump*, No. 25-cv-527 (D.D.C. May 9, 2025).

to grow even further: the White House's recent budget request shows that the administration seeks to expand the U.S. DOGE Service from an estimated 89 staffers to 150 employees total over the next fiscal year.[21]

*Agency DOGE Team Members*

28.    Despite the unprecedented impact that DOGE has had on federal government operations during its few months of existence, the executive branch has been committed to cloaking the details about DOGE's structure, operations, and activities—including basic information such as the identities of agency DOGE Team members—under a veil of secrecy.[22]

29.    For example, in a March town hall, the acting administrator of the U.S. General Services Administration (GSA) told agency employees that "[t]here is no DOGE team at GSA," contradicting employees who had seen individuals that they identified as DOGE staff at the agency's headquarters and described them as "a bunch of young kids working behind a secure area on the 6th floor."[23]

30.    Multiple agencies have already responded to FOIA requests identical to those at issue in this lawsuit. Of those responding agencies, the Department of the Interior, Centers for Disease Control and Prevention, Food and Drug Administration, and U.S. Customs and Border

---

[21] *See* Robin Bravender, *Budget Documents Reveal Plan to Grow DOGE*, Politico (June 3, 2025, 3:41 PM), https://www.politico.com/news/2025/06/03/budget-documents-reveal-plan-to-increase-doge-staffing-00382294.

[22] *See The People Carrying Out Musk's Plans at DOGE*, N.Y. Times (June 16, 2025), https://www.nytimes.com/interactive/2025/02/27/us/politics/doge-staff-list.html.

[23] Zoë Schiffer, *'We Don't Want an AI Demo, We Want Answers': Federal Workers Grill Trump Appointee During All-Hands*, Wired (Mar. 28, 2025, 7:43 PM), https://www.wired.com/story/gsa-staff-all-hands-meeting-ai/.

Protection (none of which are defendants here) have provided FOIA responses revealing to American Oversight that they do not have DOGE Teams within their respective agencies.[24]

31.     Meanwhile, the Trump Administration has claimed that nearly the entirety of DOGE's activities are attributable *not* to a centralized authority, but to the agency DOGE Teams.[25]

32.     In litigation filings, Amy Gleason—the acting USDS Administrator—has claimed that "[e]very member of an agency's DOGE Team is an employee of the agency or a detailee to the agency[.]"[26]

33.     Relatedly, in briefs filed in response to litigation, the government has argued that DOGE is not an "agency" because it lacks independent authority, and since DOGE Teams are supposedly agency employees, the authority of agency DOGE Teams is "irrelevant" to DOGE's agency status.[27]

---

[24] *See* Final FOIA Response Letter from U.S. Dep't of the Interior to American Oversight (Apr. 3, 2025), *available at* https://www.documentcloud.org/documents/25952464-response-to-american-oversight-foia-request-to-department-of-the-interior-multi-doi-25-0654-nrr/; Final FOIA Response Letter from Ctrs. for Disease Control & Prevention to American Oversight (Mar. 25, 2025), *available at* https://www.documentcloud.org/documents/25952465-response-to-american-oversight-foia-request-to-the-cdc-multi-hhs-cdc-25-0663-nrr/; Final FOIA Response Email from Food & Drug Admin. to American Oversight (Mar. 19, 2025), *available at* https://www.documentcloud.org/documents/25952467-response-to-american-oversight-foia-request-to-the-fda-multi-hhs-fda-25-0667-nrr/; Final FOIA Response Email from Customs & Border Protection to American Oversight (Apr. 24, 2025), *available at* https://www.documentcloud.org/documents/25998802-no-records-response-from-various-agencies-regarding-doge-teams/. The FOIA requests submitted to these agencies are not at issue in this lawsuit.
[25] *See, e.g.*, Tierney Sneed, *Is DOGE Actually an Agency? The Answer Could Have Major Ramifications*, CNN (Mar. 30, 2025, 8:00 AM), https://www.cnn.com/2025/03/30/politics/doge-lawsuits-elon-musk-role.
[26] Zach Montague, *What Is DOGE? Trump Says One Thing, Government Lawyers Say Another*, N.Y. Times (Mar. 22, 2025), https://www.nytimes.com/2025/03/22/us/politics/what-is-doge-elon-musk-trump.html.
[27] *See, e.g.*, Defs.' Mem. in Opp'n to Pl.'s Mot. for Limited Disc. at 14, *Am. Oversight v. U.S. Dep't of Govt. Efficiency*, No. 25-cv-409 (D.D.C. June 16, 2025).

34.     Agency DOGE Teams are often composed of the same individuals who are concurrently or sequentially detailed to half a dozen or more agencies.

35.     This structure obscures the DOGE Team members' chain of authority and accountability, including whether the members are reporting to their respective agency heads, or to a centralized DOGE authority.

36.     This lack of transparency and accountability is especially problematic considering many of the individuals known to be associated with DOGE, who are part of agency DOGE Teams or are DOGE employees detailed to multiple agencies, are inexperienced and have not worked with the federal government before.

37.     For example, the government has asserted that Marko Elez is an employee of the Department of Labor, who is detailed to the Department of Health and Human Services (HHS) and to USDS.[28]

38.     In sworn responses to discovery requests, the Department of Labor (DOL) stated that it is "aware of four other agencies at which Mr. Elez is concurrently detailed to or otherwise employed, other than USDS."[29]

39.     Elez is a former employee at the Elon Musk-owned company SpaceX with a history of posting racist content on social media and was 25 years old when he took on substantive federal agency responsibilities.[30]

---

[28] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 13, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).
[29] *Id.*
[30] *See* Katherine Long, *DOGE Staffer Resigns Over Racist Posts*, Wall St. J. (Feb. 7, 2025, 10:46 AM), https://www.wsj.com/tech/doge-staffer-resigns-over-racist-posts-d9f11a93.

40.    Luke Farritor is an employee of the U.S. General Services Administration who is detailed to HHS as well as USDS.[31]

41.    Farritor has been granted access to at least a dozen sensitive data systems at HHS.[32]

42.    Farritor was previously also detailed to the Consumer Financial Protection Bureau (CFPB).[33]

43.    Farritor has also reportedly been granted access to the Department of Energy's IT system, over the objections of the department's general counsel and chief information officer.[34]

44.    Farritor is a former intern at the Elon Musk-owned company SpaceX who does not have previous experience handling classified information and was 23 years old when he took on substantive agency responsibilities.[35]

45.    Kyle Schutt is an employee of GSA, who has also been detailed to HHS and USDS.[36]

46.    Schutt has also been listed as a staff member at the Cybersecurity and Infrastructure Security Agency (CISA).[37]

---

[31] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 8, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

[32] *Id.*

[33] *Id.* at 14.

[34] Ella Nilsen & Sean Lyngaas, *Trump Energy Secretary Allowed 23-Year-Old DOGE Rep to Access IT Systems Over Objections from General Counsel*, CNN (Feb. 7, 2025, 2:54 PM), https://www.cnn.com/2025/02/06/climate/doge-energy-department-trump/index.html.

[35] *See* Geoff Brumfiel & Jenna McLaughlin, *DOGE Employees Gain Accounts on Classified Networks Holding Nuclear Secrets*, NPR (April 28, 2025, 7:26 PM), https://www.npr.org/2025/04/28/nx-s1-5378684/doge-energy-department-nuclear-secrets-access.

[36] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 12, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

[37] *See* Kim Zetter, *DOGE Now Has Access to the Top US Cybersecurity Agency*, Wired (Feb. 19, 2025, 8:59 PM), https://www.wired.com/story/doge-cisa-coristine-cybersecurity/.

47. Schutt is a former employee of WinRed, an internet fundraising platform for Republicans,[38] whose login credentials have appeared in multiple public leaks tied to information-stealing malware.[39]

48. Jordan Wick was a USDS employee detailed to CFPB; at some point, this status reversed, and he became a CFPB employee detailed to USDS.[40]

49. CFPB has stated that "Wick is an employee at one other agency and detailed to at least six agencies besides CFPB and USDS."[41]

50. Records already received by American Oversight in response to FOIA requests identical to those at issue in this lawsuit have identified Wick as a DOGE detailee at the U.S. Department of Agriculture (USDA).[42]

51. Wick is the subject of a whistleblower complaint related to efforts to delete system logs and open back doors into the case management system at the National Labor Relations Board to send "massive amounts" of protected sensitive federal agency data outside of the agency.[43]

52. Edward Coristine is a former employee of GSA, who has also been detailed to both HHS and USDS.[44]

---

[38] *See id.*

[39] *See* Dan Goodin, *DOGE Software Engineer's Computer Infected by Info-Stealing Malware*, Ars Technica (May 8, 2025, 2:27 PM), https://arstechnica.com/security/2025/05/doge-software-engineers-computer-infected-by-info-stealing-malware/.

[40] Defs.' Objs. and Resps. to Ps' Reqs. for Expedited Disc. at 14, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

[41] *Id.* at 19.

[42] *See* Final FOIA Response Letter from U.S. Dep't of Agriculture to American Oversight (Apr. 10, 2025), *available at* https://www.documentcloud.org/documents/25952466-response-to-american-oversight-foia-request-to-the-department-of-agriculture-multi-usda-25-0652-a/.

[43] *See* Stephen Fowler & Jenna McLaughlin, *Top House Democrat Asks Microsoft About DOGE Code Allegedly Tied to NLRB Data Removal*, NPR (June 16, 2025, 11:54 AM), https://www.npr.org/2025/06/16/nx-s1-5435330/congress-doge-nlrb-whistleblower-github.

[44] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 10, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

53.     Coristine has also reportedly gained physical access to CISA and has an email address from the Department of Homeland Security (DHS).[45]

54.     Coristine most recently joined the Social Security Administration (SSA) as a "special government employee."[46]

55.     Coristine is known by the online pseudonym "Big Balls," and was most recently a college student at Northeastern University and former intern at the Elon Musk-owned company Neuralink.[47] He was 19 years old at the time he was given the responsibilities of a special government employee at the SSA.[48]

56.     These are just a handful of DOGE staff about whom the government has been forced to release information. It is critical for the public to know the identities of *all* agency DOGE Team members in order to understand DOGE's operations, including potential significant conflicts of interest by the DOGE Team members as they reshape federal agencies.[49]

---

[45] David DiMolfetta, *DOGE Employee Edward Coristine Lands at CISA with DHS Email*, NextGov (Feb. 19, 2025), https://www.nextgov.com/cybersecurity/2025/02/doge-employee-edward-coristine-lands-cisa-dhs-email/403126/.

[46] *See* Chris Cameron & Nicholas Nehamas, *Key Member of Musk's DOGE Moves to Social Security*, N.Y. Times (June 26, 2025), https://www.nytimes.com/2025/06/24/us/politics/big-balls-edward-coristine-musk-doge.html.

[47] *See id; see also* Raphael Satter, *Exclusive: DOGE Staffer, 'Big Balls,' Provided Tech Support to Cybercrime Ring, Records Show*, USA Today (Mar. 26, 2025, 7:11 AM), https://www.usatoday.com/story/news/politics/2025/03/26/doge-staffer-big-balls-edward-coristine/82667607007/.

[48] *Id.*

[49] *See, e.g.*, Jake Pearson, *DOGE Aide Who Helped Gut CFPB Was Warned About Potential Conflicts of Interest*, ProPublica (May 7, 2025, 6:00 AM), https://www.propublica.org/article/cfpb-gavin-kliger-doge-conflict-of-interest-consumer-financial-protection-bureau; Desmond Butler et al., *DOGE Has the Keys to Sensitive Data that Could Help Elon Musk*, Wash. Post (June 30, 2025), https://www.washingtonpost.com/investigations/interactive/2025/musk-doge-personal-data-tesla-companies/.

*American Oversight's FOIA Requests*

57.    On March 12, 2025, American Oversight submitted FOIA requests to thirty federal agencies seeking records reflecting the identities and titles of the individuals serving on the respective agencies' DOGE Teams.

58.    Plaintiff American Oversight now brings this action against the U.S. Department of Education (Education), the U.S. Department of Homeland Security (DHS), the Cybersecurity and Infrastructure Security Agency (CISA), U.S. Citizenship and Immigration Services (USCIS), the U.S. Department of Transportation (DOT), the U.S. General Services Administration (GSA), the Office of Management and Budget (OMB), the U.S. Office of Personnel Management (OPM), and the U.S. Securities and Exchange Commission (SEC), under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records related to the identities of the "DOGE Teams" operating in their respective agencies.

## JURISDICTION AND VENUE

59.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

60.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

61.    Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

62.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

63.    Defendant U.S. Department of Education (Education) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of records that American Oversight seeks.

64.    Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

65.    Defendant Cybersecurity and Infrastructure Security Agency (CISA) is a component of DHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. CISA has possession, custody, and control of records that American Oversight seeks.

66.    Defendant U.S. Citizenship and Immigration Services (USCIS) is headquartered in Camp Springs, MD, and is a component of DHS, an agency of the federal government within the

meaning of 5 U.S.C. § 552(f)(1), which is headquartered in Washington, DC. USCIS has possession, custody, and control of records that American Oversight seeks.

67.    Defendant U.S. Department of Transportation (DOT) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records that American Oversight seeks.

68.    Defendant U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. GSA has possession, custody, and control of records that American Oversight seeks.

69.    Defendant Office of Management and Budget (OMB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. OMB has possession, custody, and control of records that American Oversight seeks.

70.    Defendant U.S. Office of Personnel Management (OPM) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. OPM has possession, custody, and control of records that American Oversight seeks.

71.    Defendant U.S. Securities and Exchange Commission (SEC) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. SEC has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

72.    On March 12, 2025, American Oversight submitted two FOIA requests to each of thirty federal agencies seeking records related to the identities of the individuals serving on the agency DOGE Teams established by President Trump's January 20, 2025, executive order. The two requests were identical in content. The first request was sent to twenty agencies. *See* Exhibit A. The second request was sent to an additional ten agencies. *See* Exhibit B.

73.    As of this filing, nine agencies have provided a substantive response to these FOIA requests.

74.    Among the responses that American Oversight has received, four agencies—the Department of the Interior, Centers for Disease Control and Prevention, Food and Drug Administration, and U.S. Customs and Border Protection—have provided FOIA responses revealing that they do not have DOGE Teams within their respective agencies.[50]

75.    Other agencies that have produced lists of DOGE Team members and their titles in response to American Oversight's FOIA requests.

76.    For example, USDA responded on April 10, 2025, and identified five individuals as agency DOGE Team members, including "(1) Michael Cole, Senior Advisor on Government

---

[50] *See* Final FOIA Response Letter from U.S. Dep't of the Interior to American Oversight (Apr. 3, 2025), *available at* https://www.documentcloud.org/documents/25952464-response-to-american-oversight-foia-request-to-department-of-the-interior-multi-doi-25-0654-nrr/; Final FOIA Response Letter from Ctrs. for Disease Control & Prevention to American Oversight (Mar. 25, 2025), *available at* https://www.documentcloud.org/documents/25952465-response-to-american-oversight-foia-request-to-the-cdc-multi-hhs-cdc-25-0663-nrr/; Final FOIA Response Email from Food & Drug Admin. to American Oversight (Mar. 19, 2025), *available at* https://www.documentcloud.org/documents/25952467-response-to-american-oversight-foia-request-to-the-fda-multi-hhs-fda-25-0667-nrr/; Final FOIA Response Email from Customs & Border Protection to American Oversight (Apr. 24, 2025), *available at* https://www.documentcloud.org/documents/25998802-no-records-response-from-various-agencies-regarding-doge-teams/.

Efficiency; (2) Daniel Abrahamson, Senior Advisor on Government Efficiency; (3) Jeremy Lichtman, Advisor on Government Efficiency; Timothy Ronan, Special Advisor; and (5) Samuel Berry, Special Advisor."[51]

77.    USDA also stated that "USDA's DOGE team has two detailees from other agencies—Jordan Wick and Gavin Kliger."[52]

78.    The U.S. Department of Justice (DOJ) responded on May 9, 2025, and identified eight individuals as members of DOJ's DOGE Team, including Jolene Ann Lauria, James McHenry, Vetan Kapoor, Sean Day, Michael J. Williams, William N. Taylor II, Christopher C. Alvarez, and Melinda Rogers.[53]

79.    The remaining twenty-one agencies have failed to respond, and one agency responded by fully withholding documents under FOIA exemption (b)(6). Nine of those agencies are defendants in this lawsuit.

*First Request*

80.    On March 12, 2025, American Oversight submitted a request to twenty federal agencies, including Defendants Education, DHS, DOT, GSA, OMB, and OPM, bearing internal American Oversight tracking number MULTI-25-0640-0659, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records sufficient to identify the names and titles of all individuals
> selected by your agency to serve on your agency's DOGE team.

---

[51] *See* Final FOIA Response Letter from U.S. Dep't of Agriculture to American Oversight (Apr. 10, 2025), *available at* https://www.documentcloud.org/documents/25952466-response-to-american-oversight-foia-request-to-the-department-of-agriculture-multi-usda-25-0652-a/.
[52] *Id.*
[53] *See* Final FOIA Response Email from U.S. Dep't of Justice to American Oversight (May 9, 2025), *available at* https://www.documentcloud.org/documents/25999052-doj-records-concerning-doge-teams-at-the-agency/.

*See* Exhibit A.[54]

Education Request

81.     On April 10, 2025, Education acknowledged receipt of this request by letter and assigned it agency tracking number 25-02806-F. The letter noted that American Oversight's request was forwarded to the appropriate offices within the agency for a search but stated that the request was still being processed. It advised that "the average request processing time is approximately 185 business days" and offered American Oversight the chance to "narrow[] or reformulat[e]" its request. *See* Exhibit C.

82.     As of the date of this Complaint, American Oversight has received no further communications from Education regarding this FOIA request.

DHS Request

83.     On March 14, 2025, DHS acknowledged receipt of this request by letter and assigned it agency tracking number 2025-HQFO-02865. The letter stated that DHS "may encounter some delay in processing [American Oversight's] request." It further stated that American Oversight's request "seeks documents that will require a thorough and wide-ranging search," and invoked a statutory 10-day extension for this request. *See* Exhibit D.

84.     As of the date of this Complaint, American Oversight has received no further communications from DHS regarding this FOIA request.

DOT Request

85.     On March 12, 2025, DOT acknowledged receipt of this request and assigned it agency tracking number OST-2025-1192. *See* Exhibit E.

---

[54] The other agencies who received this request are not Defendants in this lawsuit.

86.    As of the date of this Complaint, American Oversight has received no further communications from DOT regarding this FOIA request.

GSA Request

87.    On March 12, 2025, GSA acknowledged receipt of this request and assigned it agency tracking number 20205-FOI-00906. *See* Exhibit F.

88.    On March 18, 2025, GSA separately acknowledged receipt of this request and stated that the request was assigned to the "Simple track." It stated that GSA "has twenty (20) business days in which to respond" and noted that the agency "may take an extension and will advise you." *See* Exhibit G.

89.    As of the date of this Complaint, American Oversight has received no further communications from GSA regarding this FOIA request.

OMB Request

90.    On March 12, 2025, American Oversight submitted a copy of this request to OMB. *See* Exhibit H.

91.    OMB has not acknowledged receipt of this request nor assigned it an agency tracking number.

92.    As of the date of this Complaint, American Oversight has received no further communications from OMB regarding this FOIA request.

OPM Request

93.    On March 12, 2025, American Oversight submitted a copy of this request to OPM. *See* Exhibit I.

94.    On March 13, 2025, American Oversight received an automatic notification by email that its FOIA request to OPM had been read. *See* Exhibit J.

95.    OPM has not formally acknowledged receipt of this request nor assigned it an agency tracking number.

96.    As of the date of this Complaint, American Oversight has received no further communications from OPM regarding this FOIA request.

*Second Request*

97.    On March 12, 2025, American Oversight submitted a request to ten federal agencies, including Defendants CISA, USCIS, and SEC, bearing internal American Oversight tracking number MULTI-25-0660-0669, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records sufficient to identify the names and titles of all individuals selected by your agency to serve on your agency's DOGE team.

*See* Exhibit B.[55]

CISA Request

98.    On March 12, 2025, CISA acknowledged receipt of this request and assigned it agency tracking number 2025-NPFO-00590. It further stated that the information sought "is under the purview of the DHS Headquarters (HQ) Privacy Office," and referred American Oversight's request to that office. It stated that the HQ agency tracking number was 2025-HQFO-02634. *See* Exhibit K.

99.    On March 17, 2025, CISA separately acknowledged receipt of this request and assigned it agency tracking number 2025-NPFO-00650. This acknowledgement stated that CISA would invoke a 10-day extension for the request because American Oversight's request "seeks numerous documents that will necessitate a thorough and wide-ranging search[.]" *See* Exhibit L.

---

[55] The other agencies who received this request are not Defendants in this lawsuit.

100.    As of the date of this Complaint, American Oversight has received no further communications from CISA regarding this FOIA request.

<u>USCIS Request</u>

101.    On March 14, 2025, USCIS acknowledged receipt of this request and assigned it agency tracking number COW2025001823. It noted that it had assigned American Oversight's request to the agency's "complex track" for FOIA processing. The agency invoked a 10 business day extension for this request, stating that "due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field." It further stated that "USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information." *See* Exhibit M.

102.    As of the date of this Complaint, American Oversight has received no further communications from USCIS regarding this FOIA request.

<u>SEC Request</u>

103.    On March 13, 2025, SEC acknowledged receipt of this request and assigned it agency tracking number 25-01813-FOIA. It further noted that due to "unusual circumstances," the SEC would invoke a statutory 10-day extension. *See* Exhibit N.

104.    On March 21, 2025, SEC responded to the request and stated, without analysis, that "[a]ccess is denied to the requested information in its entirety pursuant to 5 U.S.C. § 552(b)(6), since its release would constitute a clearly unwarranted invasion of personal privacy. Please be advised that we have considered the foreseeable harm standard in preparing this response." *See* Exhibit O.

105.    On June 18, 2025, American Oversight appealed this determination on the grounds that the requested records were not properly withheld under FOIA exemption 6 because, *inter alia*, there is at most a limited privacy interest in the mere names of DOGE Team members, release of their names would be only a *de minimis* intrusion into that privacy interest, the public interest favors disclosure, and SEC had identified no articulable harm. *See* Exhibit P.

106.    On July 14, 2025, SEC denied American Oversight's appeal. *See* Exhibit Q.

*Exhaustion of Administrative Remedies*

107.    As of the date of this Complaint, Defendants Education, DHS, CISA, USCIS, DOT, GSA, OMB, and OPM have failed to either: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

108.    More than 30 working days have passed since all FOIA requests at issue in this lawsuit were filed.

109.    Through the failure of Defendants Education, DHS, CISA, USCIS, DOT, GSA, OMB, and OPM to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

110.    Through filing an administrative appeal with Defendant SEC which was denied, American Oversight exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

111.     American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

112.     American Oversight properly requested records within Defendants' possession, custody, and control.

113.     Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

114.     Defendants have failed to promptly and adequately search for agency records that are responsive to American Oversight's FOIA requests.

115.     The failure of Defendants to conduct adequate searches for responsive records violates FOIA.

116.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

117.     American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

118.     American Oversight properly requested records within Defendants' possession, custody, and control.

119.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

120.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

121.    Defendant SEC is wrongfully withholding non-exempt agency records requested by American Oversight by improperly invoking FOIA exemption b(6) to withhold records that should be produced.

122.    The failure of Defendants to provide all non-exempt responsive records violates FOIA and applicable regulations.

123.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: July 16, 2025                          Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
Jessica Jensen
D.C. Bar No. 1048305
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*